UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDWARD MAZOROWICZ,**

       Plaintiff,                                   Case No. 3:21-cv-12991

**vs.**                                                         Honorable Robert H. Cleland

**CHICAGO PARTS & SOUND, LLC,**          Mag. Judge Elizabeth A. Stafford

       Defendant.

_____

| | |
|---|---|
| **RANDALL J. GILLARY, P.C.** | **VARNUM LLP** |
| Randall J. Gillary (P29905) | Ziyad I. Hermiz (P72236) |
| Kevin P. Albus (P53668) | 260 East Brown St., Ste. 150 |
| 201 W. Big Beaver Rd., Ste. 1020 | Birmingham, MI  48009 |
| Troy, MI  48084 | (248) 567-7800 |
| (248) 528-0440 | zihermiz@varnumlaw.com |
| rgillary@gillarylaw.com | Attorneys for Defendant |
| kalbus@gillarylaw.com | |
| Attorneys for Plaintiff | |

_____

## **STIPULATED PROTECTIVE ORDER**

      This matter having come before the Court upon written stipulation of the parties, and the Court being fully advised in the premises;

      IT IS HEREBY ORDERED:

      1.    This Protective Order shall govern all documents, interrogatory answers, answers to request for admissions, other discovery materials, testimony provided in a deposition, trial, or hearing, or portions thereof produced or provided

by any party or third party in this litigation and designated as "CONFIDENTIAL" or "Confidential Information."

2. As used in this Protective Order:

a. The term "document" means any written, printed, typed, recorded, electronic, or graphic material or means to access such material (e.g., through word processing or computer equipment), however produced or reproduced, of any kind or description.

b. The term "CONFIDENTIAL" shall refer to any material that a party, upon good faith belief, asserts to constitute, include, or disclose confidential information, including, but not limited to, employee or personnel information and records, personal information, technical, commercial, proprietary and/or financial information that may be protected from disclosure by statute or that should be protected from disclosure as confidential commercial information, trade secrets or other sensitive information that is not publicly available and is used in the producing person's business, and would cause that person competitive injury if publicly disclosed. The Confidential designation includes, but is not limited to, trade secrets, technical information, business records and related communications, design materials, purchase orders, return receipts and related communications, agreements to resolve disputes or settlement agreements and related communications, confidential research, development or commercial information, financial

information, marketing plans and forecasts, infrastructure, tax ID or other identifying numbers that may make one subject to identity fraud, competitive information or any other proprietary or confidential business information.

      3.      Each party shall designate all CONFIDENTIAL information disclosed in this litigation with a stamp, label, or other similar marking on each page or thing produced that states "CONFIDENTIAL". All copies made of documents designated by any party as CONFIDENTIAL will be stamped with the appropriate legend. In the case of electronically stored information ("ESI"), if it is not feasible for a producing party to mark each file or image as specified above at the time of production, then that producing party shall designate the Confidential Information in a cover letter accompanying the production of such ESI. Where feasible, the producing party shall mark the disk, tape, computer drive, or other electronic media on which said ESI is produced with a legend for the designated information in the fashion described above. Whenever such ESI is printed or copied, every print or copy shall be marked with the legend for the designated information in the fashion described above. Any part of a report created by an independent expert or consultant relying on or incorporating Confidential Information in whole or in part shall be marked with the legend for the designated information in the fashion described above. With respect to large batches of information to be produced (i.e. production of or access to the contents of an e-mail server, account or other broad document

productions), a party shall have the option to require that all or batches of materials be treated as containing "CONFIDENTIAL" information. However, nothing in this section limits the opposing party from challenging such the designation as to any particular document or item contained within such batch of information before this Court.

  4. Subject to paragraphs 5, 6, and 7, the following persons are authorized to have access to Confidential Information:

    a. The Court and its personnel;

    b. Attorneys working on behalf of the parties in this action (whether in-house counsel or not, whether admitted to the practice of law in the United States or not, and whether appearing of record in this case or not), and their secretaries, paralegals, law clerks and support staff employees, and contractors working under the direct supervision of attorneys working on behalf of any parties in this action, so long as the foregoing are informed that this Protective Order is in place;

    c. Officers, directors, and/or employees of a party to the extent necessary to assist with the prosecution, defense, or resolution of this action (attorneys covered by paragraph 4(b) are governed by paragraph 4(b), not this paragraph);

   d. Any person retained in this action as an independent expert or consultant for the purposes of this action and who agrees in writing to be bound by the terms of this Protective Order, as set forth in the Undertaking appended hereto;

   e. Any other person who by order of the Court or by written agreement of the parties is authorized to see such Confidential Information;

   f. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings in this action, including, but not limited to, jury consultants and mock jurors, litigation support personnel, translators, and individuals preparing demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, as well as the staffs of such vendors whose duties and responsibilities require access to such materials;

   g. Personnel necessary for taking down, translating, or recording deposition testimony;

   h. Mediators (and their supporting staff) assisting in this action;

   i. An individual who prepared the document, is identified on the face of the document as an addressee or copyee, or who would have had access to the document in the normal course of business; and

   j. Deposition or trial witnesses at the time that deposition or trial testimony is given, or in preparation for same, to the extent reasonably believed by counsel to be necessary for the prosecution or defense of this action.

5. Subject to the provisions of paragraph 7, the persons described in paragraphs 4(b), (c), (f), (g), (h) and (j) shall be permitted to view Confidential Information to the extent necessary to assist with the prosecution, defense, or resolution of this action but only after they have been made aware by counsel of record in this proceeding of the provisions of this Order. Once they are so aware, the persons described in paragraphs 4(b), (f), and (g) may also possess such information to the extent necessary to assist with the prosecution, defense, or resolution of this action.

6. The persons described in paragraphs 4(d) and (e) shall be permitted to view Confidential Information to the extent necessary to assist with the prosecution, defense, or resolution of this action only after they have been made aware of the provisions of this Order by counsel of record in this proceeding and have executed a copy of the Undertaking appended hereto. Once that has occurred, they may also possess copies of Confidential Information to the extent necessary to assist with the prosecution, defense, or resolution of this action

7. The Court and the parties recognize that, given the exigencies of complex litigation, a party may inadvertently produce privileged information or documents that should have been treated CONFIDENTIAL. The inadvertent production of privileged information or unmarked CONFIDENTIAL information shall not per se be deemed to constitute a waiver of the privilege or any protection

under this Order as long as the producing person takes steps to retrieve the material within fourteen (14) calendar days of learning of the inadvertent disclosure. Promptly after discovering an alleged inadvertent production, the producing party shall give written notice to the recipients of such information identifying the documents, by page and line numbers, Bates Number range, or with similar specificity, and the basis for the claim of privilege or protection under this Order. The parties who received said inadvertently produced material will return, sequester, destroy same (and any copies) immediately after receipt of the written request, and provide a written certification of Counsel that all such information has been returned, sequestered, or destroyed. By returning, sequestering, or destroying said inadvertently disclosed material, the receiving party is not conceding that the material is privileged or protected and is not waiving its right to later challenge the claim of privilege or protection, provided that it may not challenge the privilege claim by arguing that the inadvertent production waived the privilege or protection. The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently produced information.

9.   If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, then, to the extent not addressed above, the party responsible for such disclosure must: (1) immediately bring all pertinent facts relating to such disclosure (excepting privileged information) to the attention

of the party who produced the Confidential Information; and (2) take reasonable steps to retrieve such Confidential Information and prevent its further disclosure. Any person who has produced Confidential Information that is later disclosed or used contrary to the terms of this order may apply to the Court for any appropriate relief, including a contempt citation, appropriate damages, or any other available sanction, including without limitation dismissal of the offending party's claims, counterclaims, or defenses in this action.

10. Nothing in this Order shall preclude any party or their attorneys from:

    a. Showing Confidential Information to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

    b. Freely using or disclosing information or documents containing information identified as Confidential Information by another party, if that information: (a) is or becomes part of the public domain without fault on the part of the party; or (b) is lawfully and permissibly obtained by the party from any source (other than another party) that was free of any obligation to keep it confidential.

    c. If a party intends to use or offer into evidence at such trial any Confidential information that party must, unless otherwise ordered by the Court, so inform the producing person in a reasonable time in advance to allow the producing

person to take such steps that it deems reasonably necessary to preserve the confidentiality of such information.

    d. Redacting information from the face of documents produced in accordance with the discovery process if it is: (i) subject to a claim of privilege; or (ii) is irrelevant to the issues in this action; provided, however, that the fact of redaction must be visible or apparent on the face of the document where the redaction was made. Nothing in this sub-section limits the opposing party from challenging such redactions before this Court or from questioning the party or its counsel responsible for the redaction(s) about the general substance of the "Redacted" material. Any such questions directed to a party's counsel about "Redacted" material shall be answered within seven (7) business days.

  11. If a party objects to the designation of a document or thing as CONFIDENTIAL, the parties shall attempt to resolve the dispute without judicial intervention following the notice of the objection. If a resolution cannot be reached, any party may file a motion with the Court and submit material marked CONFIDENTIAL to the Court for in camera review, requesting the Court to rule on whether the disputed materials should be subject to treatment as CONFIDENTIAL under the terms of this Protective Order. Any document or testimony as to which such motion is made shall continue to be treated as Confidential Information until the Court renders a decision to the contrary or the motion is otherwise resolved. The

producing person shall bear the burden of demonstrating the challenged material merits its designation under this Protective Order.

12. If any party intends to file any Confidential document or information with the Court, it shall first notify the party designating the document or information as Confidential. If the designating party wishes the Confidential document or information to be filed under seal, it must file a motion pursuant to Local Rule 5.3 (b) within seven days after such notification. If no such motion is filed, the Confidential document or information may be filed with the Court without sealing. This paragraph, however, shall not prevent the use of any document marked CONFIDENTIAL in connection with mediation, facilitation, motions, or other Court-ordered proceedings, provided that the use of the documents/information is in accordance with this Protective Order.

13. Information disclosed at a deposition, trial, or hearing in this litigation may be designated as CONFIDENTIAL by indicating on the record that the particular testimony is CONFIDENTIAL and subject to the provisions of this Protective Order. A party also may designate deposition testimony as CONFIDENTIAL by indicating in writing within fourteen (14) days of receipt of the deposition transcript by counsel that the particular testimony is CONFIDENTIAL and subject to the provisions of this Protective Order.

14. Nothing in this Protective Order shall preclude counsel from providing advice to their client(s) that generally describes the discovery or evidence in this case.

15. The provisions of this Protective Order shall not terminate at the final conclusion of the litigation, including any appeals. Upon written request by the producing party after final conclusion of the litigation, including any appeals, documents marked CONFIDENTIAL, including all copies, notes and other materials containing or referring to information derived therefrom, shall be destroyed or returned to the party that produced it, and all persons who possessed such material shall verify, to the best of their knowledge to the producing party, that the materials have been returned or destroyed. The office of counsel for each party, however, may retain for its files a single copy of any such materials designated as CONFIDENTIAL or discussing CONFIDENTIAL information. Counsel also may retain all exhibits, deposition transcripts, correspondence, and papers filed with the Court that contain CONFIDENTIAL material. Consistent with the terms of this paragraph, the parties understand and agree that under no circumstances may a party or expert, with the exception of counsel, maintain a copy of any CONFIDENTIAL documents produced to them after the conclusion of this litigation.

16. Nothing in this Protective Order shall preclude any party from seeking written permission from the producing party to disclose CONFIDENTIAL information or preclude any party from seeking to amend or modify this Order.

17. If a person to whom Confidential material has been disclosed under this order receives a request from a government agency, a court order, or a subpoena from a non-party requesting or requiring disclosure of Confidential material, the person must advise the requesting party that the material is subject to this order, must give notice to the parties to this lawsuit, and must not produce the material until the party who produced the Confidential material has had reasonable time to object, intervene, or otherwise protect its interests.

18. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate, as well as to resolve any disputes about the disposition of materials containing confidential information at the termination of this action.

**IT IS SO ORDERED.**

Dated.  August 10, 2022

s/Robert H. Cleland
District Court Judge

Approved as to form and content:

Dated: _____            Dated: _____

*/s/ Kevin P. Albus*                        */s/ Ziyad I. Hermiz (w/consent)*
Kevin P. Albus (P53668)              Ziyad I. Hermiz (P72236)

# Exhibit A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**EDWARD MAZOROWICZ,**

    Plaintiff,

**vs.**

**CHICAGO PARTS & SOUND, LLC,**

    Defendant.

Case No. 3:21-cv-12991

Honorable Robert H. Cleland

Mag. Judge Elizabeth A. Stafford

_____

## UNDERTAKING

I hereby acknowledge that I have reviewed a copy of the Stipulated Protective Order in Edward Mazorowicz v. Chicago Parts & Sound, LLC, Case No. 3:21-cv-12991, and I will comply with its terms in all respects. I consent to the jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of enforcing the terms of such Stipulated Protective Order.

_____
Signature

_____
Printed Name

_____
Date